*87
 
 Matthias, J.
 

 The question for decision in this case is set forth in the contention made by counsel for the appellant as follows: “* * * the contributions or assessments paid by the estate of M. A. Bradley, deceased, his widow, and five children, to the appellant, Bradley Light, Heating & Power Company, are not to-be considered as gross receipts and gross earnings, and therefore not subject to excise taxes described in Part Second, Title 1, Chapter 7, of the General Code of Ohio.”
 

 The basis of the contention made by counsel for appellant is that the sum of $90,062, treated and taxed by the commission as part of the gross receipts of the utility, is in fact not a part of such gross receipts because it was paid by those who are the real owners of the utility. Under the conceded facts, the appellant is owner and operator of a public utility and falls within the terms and provisions of Sections 5415 and 5416, General Code.
 

 The term “public utility” is very broad and comprehensive as defined by Section 5415, General Code, for it includes and embraces not only firms, associations and corporations, but also any individual therein “referred to as * * * electric light company * * * heating company * * * and such term ‘public utility’ shall include any plant or property owned or operated, or both, by such companies, corporations, firms, individuals or associations.”
 

 And Section 5416, General Code, provides that “Any person or persons * * * firm * * * or corporation * * * when engaged in the business of supplying electricity for light, heat or power purposes to consumers within this state, is an electric light company.”
 

 Although the sons and daughters of M. A. Bradley, deceased, are the potential owners of the business, the record discloses that during his lifetime the father treated appellant as a separate entity and paid it regularly for the electric service furnished buildings
 
 *88
 
 then owned by him. No change has been made in the status of the business in that regard and no separation of the entity is disclosed by the record.
 

 The question presented is readily disposed of by an examination of applicable statutory provisions. Section 5417, General Code, defines gross receipts as follows:
 

 “The term ‘gross receipts’ shall be held to mean and include the entire receipts for business done by any person or persons, firm or firms, co-partnership or voluntary association, joint stock association, company or corporation, wherever organized or incorporated, from the operation of any public utility, or incidental thereto or in connection therewith.”
 

 Section 5475, General Code, requires the commission to determine the “gross receipts actually received from whatever source * * # of each electric light * * * heating- * * * company for business done within this state” and excluding therefrom “all receipts derived wholly from interstate business or business done for the federal government.” Gross receipts therefore are clearly defined by this section. Certain exceptions having been stated therein, this court is precluded from adding the further exception contended for by the appellant.
 

 We have seen that a public utility company may be a corporation, association, firm or an individual. Regardless-of the form of ownership of a public utility, the utility is subject to the same regulations and has the same responsibilities.
 
 Barlotti
 
 &
 
 Son
 
 v.
 
 Public Utilities Commission,
 
 103 Ohio St., 647, 134 N. E., 468.
 

 The decision of the Board of Tax Appeals is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turnee, Williams, Hart, Zimmerman and Bettman, J J., concur.